

**IN THE SUPERIOR COURT OF GUAM**

FILED
SUPERIOR COURT
OF GUAM

2012 SEP -4 PM 2: 18

CLERK OF COURT

BY:_____

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | **SPECIAL PROCEEDINGS CASE NO.** |
| | ) | **SP0149-11** |
| vs. | ) | |
| | ) | |
| ARTHURO Q. BERMUDEZ, | ) | **DECISION AND ORDER** |
| | ) | (Petition to Expunge Criminal Records) |
| Defendant.) | | |

## INTRODUCTION

On May 16, 2012, this matter came before the HONORABLE VERNON P. PEREZ on Defendant Arthuro Q. Bermudez's ("Petitioner") Motion to Dismiss. Petitioner is *pro se*. The Government of Guam ("Government") is represented by Attorney Elizabeth Vasiliades. After reviewing the pleadings and arguments presented, the Court now issues the following Decision and Order.

## BACKGROUND

Petitioner filed Petition to Expunge Criminal Records on August 24, 2011 ("Petition"). The Government filed People's Opposition to Defendant's Petition for Expungement of Criminal Records on September 19, 2011 ("Opposition"). Petitioner filed Petitioner's Response to People's Opposition to Petition for Expungment of Criminal Records on January 11, 2012 ("Reply").

Petitioner was charged with the following offenses over the last thirty (30) years: First Degree Criminal Sexual Conduct (CSC) (1 Count), CF0113-81; Second Degree Robbery (3 Counts), CF0029-82; Second Degree Robbery (3 Counts), CF0030-82; First Degree Criminal Sexual Conduct (1 Count), CF0035-82; Third Degree Robbery (1 Count), CF0061-93; Unauthorized Speed Contest High Speed Chase (1 Count), CM0451-93; Reckless Conduct (1 Count), CM0237-01. The Government dismissed CF0113-81 without prejudice and also

dismissed CF0029-82 without prejudice. CM0451-93 was dismissed after a plea agreement was entered in CF0061-93.

## DISCUSSION

Petitioner Bermudez seeks expungement of his criminal records under Title 8 GCA § 11. 10(a), which provides:

> The official records of the court, the Attorney General, and the police reports in connection therewith dealing with a violation or attempted violation by an adult of territorial law or a regulation having the force and effect of law *shall* be expunged when the subject of the report is acquitted of the offense charged, when the prosecuting attorney decides *not* to prosecute the offense, when the time for commencing the criminal action as prescribed by Chapter 10 of this Title has passed.

8 GCA § 11.10(a) (2012). Title 8 GCA § 11. 11 provides:

> As used in this Act, *expungement* means the sealing of records to all persons outside of the law enforcement agencies of Guam and federal agencies entitled thereto and a refusal by such agencies to admit the existence of such records to persons not entitled to examine them.

8 GCA § 11.11(a) (2012). In interpreting Section 11.10(a), the Supreme Court of Guam has adopted the construction that "section 11.10 mandates expungement of criminal records in three instances: (1) where a defendant has been acquitted, (2) where the People decline to prosecute, and (3) where the statute of limitations has expired." *People v. Lau*, 2007 Guam 4 ¶ 9.

Petitioner seeks expungement of his misdemeanor and felony convictions and records. He argues that he desires to be a tax payer and productive member in the community, but his criminal record hampers his employment opportunities and citizenship. Petition at 5.

The Government argues Petitioner does not qualify for expungement under Guam law or for a Constitutional invalidation of his convictions, because he is simply asking the Court to expunge his record based on two points: time has passed and he has found it difficult to obtain

employment. Opposition at 4-5. Finally, the Government adds that the Ninth Circuit and a majority of jurisdictions, absent a constitutional or statutory basis, have found that hardship is insufficient grounds for expungement. *Id.* The Government, however, concedes that CM0451-93 meets the requirements for expungement based on the passage of the statute of limitations and dismissal as a part of a negotiated plea. *Id.* at 2 n.1. The Government argues this should not affect any law enforcement records related to the remaining charge in CF0061-93, which Petitioner was convicted of Robbery as a Third Degree Felony. *Id.*

The Court agrees with the Government that CF0030-82, CF0035-82, CF0061-93, and CM0237-01 do not fall under the delineated reasons for expungement enumerated in 8 GCA § 11.10. Section 11.10 does not provide for expungement based on a lack of employment opportunities, as the statute is clear and unambiguous. However, CF0113-81, CF0029-82, and CM0451-93 qualify for expungement. Specifically, the Government failed to prosecute CF0113-81 and CF0029-82 and so those cases are subject to expungement. As for CM0451-93, the Government agrees it meets the requirements for expungement based on the passage of the statute of limitations and because of dismissal in a negotiated plea. Therefore, the Court will expunge CF0113-81, CF0029-82, and CM0451-93

## CONCLUSION

Based on the foregoing, Petitioner's Petition to Expunge Criminal Records is **DENIED** as to CF0030-82, CF0035-82, CF0061-93, and CM0237-01. Expungement is **GRANTED** as to CF0113-81, CF0029-82, and CM0451-93.

**SO ORDERED** this ___31st___ of August 2012.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the Original on file in the Office of the Clerk of the Court, Superior Court of Guam.

SEP 04 2012

Page 3 of 3